COBB, Judge,
dissenting:
I respectfully dissent from the majority’s unpublished memorandum that the anonymous tip received by police was sufficient to permit an investigatory stop. I do not believe that, under the “totality of the circumstances,” the anonymous tip had been sufficiently corroborated by independent police investigation to establish the requisite indicia of reliability that would provide reasonable suspicion that Hugley was involved in criminal activity and that would thereby justify the investigatory stop. Ex parte Barnette, 624 So.2d 507 (Ala.1993); Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990).
In Ex parte Barnette, the Alabama Supreme Court, quoting Alabama v. White, set out the standard established for assessing the indicia of reliability of an anonymous tip, in order to support a reasonable suspicion:
“ ‘Reasonable suspicion, like probable cause, is dependent upon both the content of information possessed by police and its degree of reliability. Both factors — quantity and quality-are considered’ in the “totality of the circumstances — the whole picture,” that must be taken into account when evaluating whether there is reasonable suspicion.... The same approach [that applies in the probable cause context if a tip has a relatively low degree of reliability, i.e., requiring more information to establish the requisite quantum of suspicion than would be required if the tip were more reliable, such as taking into account the facts known to the officers from personal observation and giving the anonymous tip the weight of reliability as established through independent police work] applies in the reasonable suspicion context, the only difference being the level of suspicion that must be established.’
“Alabama v. White, 496 U.S. at 330-31, 110 S.Ct. 2412 (1990) (citations omitted.)”
Ex parte Barnette, 624 So.2d at 508.
In Alabama v. White, an anonymous tipster telephoned the police and told them that .White would be leaving a specific apartment, at a specific time, driving a brown Plymouth station wagon with a broken right taillight. The caller said that *633 White would be going to a specific motel and that she would have cocaine in a brown attache case. The police went to the apartment building and saw the brown Plymouth station wagon with the broken taillight sitting in front of the apartment. The police then saw White leave the apartment building and drive away in the station wagon. They followed her as she took the most direct route to the motel. The police stopped her just short of the motel and discovered marijuana in a locked brown attache case in the station wagon.
In determining that the police had a reasonable suspicion for an investigatory stop based on an anonymous tip, the Supreme Court in Alabama v. White noted it was important that the anonymous tipster had the “ability to predict respondent’s future behavior, because it demonstrated inside information' — a special familiarity with respondent’s affairs.” Thus, “when significant aspects of the caller’s predictions were verified, there was reason to believe not only that the caller was honest, but also that he was well informed, at least well enough to justify a stop.” Alabama v. White, 496 U.S. at 332, 110 S.Ct. 2412. The fact that the subject of an anonymous tip may have come under police suspicion in the past does little to verify the specifics of the tip. It is the ability of the police to verify the caller’s prediction of future behavior that lends credibility to an anonymous tipster.
In this case, the anonymous informant told the police that a man named Ron Hugley would be in “the Hardaway area.... 531 Hardaway or Angel Cook’s house, which he believed to be the same house, at approximately 2 o’clock on that day and that he would have a large amount of dope with him.” (R. 75.) Although the narcotics investigators, to whom the anonymous tip was passed, had heard from other drug informants in the past that Ron Hugley sold crack cocaine, they did nothing to corroborate or verify the truthfulness of this tip. They did not set up surveillance at 531 Hardaway nor did they even verify that the residence belonged to Angel Cook. What they did do was notify patrol officers in the Hardaway area to be on the lookout for Hugley. When officers spotted a car in which Hugley was a passenger, they did not follow it to verify whether Hugley was headed towards 531 Hardaway. Narcotics investigators immediately stopped the automobile and patted down both the driver and Hugley.
In essence, the narcotics officers used the anonymous tip to instigate a traffic stop, without any independent police investigation to verify the accuracy or veracity of the tip. In truth, the police merely relied on the fact that Hugley, whom they had previously suspected of selling crack cocaine, was in the Hardaway area to make their investigatory stop. Because it was clear from the record that Hugley had both family and a girlfriend who lived in the Hardaway area, the fact that he may have been riding in an automobile on Hardaway Avenue was nothing more than “a [detail] relating ... to easily obtained facts and conditions existing at the time of the tip” that did little to provide an indicia of reliability of the anonymous tipster. Alabama v. White, 496 U.S. at 332, 110 S.Ct. 2412. Had police determined, at the very least, that Hugley’s destination was 531 Hardaway before they stopped him, they would have had some evidence of the caller’s ability to predict Hugley’s future behavior. It would have been that special knowledge that the United States Supreme Court stated would provide “reason to believe not only that the caller was honest, but also that he was well informed, at least well enough to justify the stop.” Alabama v. White, 496 U.S. at 332, 110 S.Ct. 2412.
“Reasonable suspicion” ... is dependent upon both the content of information possessed by police and its degree of reliability. Both factors — quantity and quality-are considered in the “totality of the circumstances .... ” Alabama v. White, 496 U.S. at 330, 110 S.Ct. 2412. Police knowledge of prior criminal behavior, alone, is *634 not what the Supreme Court envisioned as independent police work sufficiently reliable to corroborate an anonymous tip. The Supreme Court characterized the facts in Alabama v. White as presenting a “close case.” Alabama v. White, 496 U.S. at 332, 110 S.Ct. 2412. The facts presented here are well beyond the line drawn by the Supreme Court in White. Consequently, after examining the totality of the circumstances in this case, I would find that because the anonymous tip was not corroborated by independent police investigation, it was insufficient to provide the indicia of reliability that would justify the investigatory stop of Hugley. I would reverse the judgment and remand the case to the trial court. Therefore, I must dissent.